**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUANTEZ TENNYSON | : | |
| | : | |
| Appellant | : | No. 1008 WDA 2024 |

Appeal from the PCRA Order Entered July 19, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001085-1999

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JUANTEZ EDWARD TENNYSON | : | |
| | : | |
| Appellant | : | No. 1009 WDA 2024 |

Appeal from the PCRA Order Entered July 19, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002595-1999

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED:  December 23, 2025**

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant Juantez Edward Tennyson appeals from the order dismissing his fourth Post Conviction Relief Act[1] (PCRA) petition without a hearing. After review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this matter as follows:

> In a criminal complaint dated January 14, 1999, [Appellant] charged at CC# 199901085 with one count of criminal homicide [for the murder of Raymond Terry]. In a second criminal complaint dated January 17, 1999, [Appellant] was charged at CC# 199902595 with one count of aggravated assault, one count of recklessly endangering another person, and one count of carrying a firearm without a license [with respect to victim David Jones]. The cases were consolidated and tried before the Honorable David R. Cashman. On March 20, 2000, the panel entered a verdict finding [Appellant] guilty of first-degree murder, carrying a firearm without a license, and recklessly endangering another person.[2] By order of sentence dated May 8, 2000, Judge Cashman imposed a mandatory sentence of life without parole for [Appellant's] first-degree murder conviction. No further penalty was imposed for the remaining counts of conviction.
>
> [Appellant] filed a post-sentence motion. By order dated November 2, 2000, Judge Cashman denied the post-sentence motion. In an [unpublished memorandum] dated January 27, 2003, the Superior Court affirmed the judgment of sentence. [**Commonwealth v. Tennyson**, 2051 WDA 2000, 819 A.2d 119 (Pa. Super. filed Jan. 27, 2003) (unpublished mem.)]. [On] July 22, 2003, the [Pennsylvania] Supreme Court denied [Appellant's] petition for allowance of appeal. [**Commonwealth v. Tennyson**, 81 WAL 2003, 828 A.2d 350 (Pa. 2003).]
>
> On September 15, 2003, [Appellant] filed his first PCRA petition. By order dated March 1, 2005, Judge Cashman dismissed the first PCRA petition. In a non-precedential decision dated December 22, 2006, . . . the Superior Court affirmed the dismissal of the first

---

[1] 42 Pa.C.S. §§ 9541-9546.
[2] 18 Pa.C.S. §§ 2502(a), 6106, and 2705, respectively.

> PCRA petition. [***Commonwealth v. Tennyson***, 578 WDA 2005, 918 A.2d 792 (Pa. Super. filed Dec. 26, 2006) (unpublished mem.).] By Order dated October 17, 2008, the Supreme Court of Pennsylvania denied [Appellant's] petition for allowance of appeal. [***Commonwealth v. Tennyson***, 235 WAL 2008, 959 A.2d 929 (Pa. 2008).]

> On May 21, 2012, [Appellant] filed a second PCRA petition. By order dated May 14, 2014, Judge Cashman dismissed the second [PCRA] petition as time barred. No appeal was taken.

> On March 14, 2016, [Appellant] filed a third PCRA petition. By order dated January 23, 2017, Judge Cashman dismissed the third [PCRA] petition as time barred. In a non-precedential decision dated April 9, [2018], the Superior Court affirmed the dismissal of the third [PCRA] petition. [***Commonwealth v. Tennyson***, 405 WDA 2017, 2018 WL 1702769 (Pa. Super. filed Apr. 9, 2018) (unpublished mem.).]

PCRA Ct. Op., 12/17/24, at 1-2 (some formatting altered).

On May 25, 2022, Appellant filed a *pro se* PCRA petition, his fourth. On January 30, 2024, Meagan F. Temple, Esq. (PCRA counsel), entered her appearance on behalf of Appellant. On February 27, 2024, PCRA counsel filed what was titled as a "supplement" to Appellant's PCRA petition, and which the PCRA court treated as an "amended" PCRA petition. ***See id.*** at 2. On June 6, 2024, the PCRA court filed its Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's fourth PCRA petition without a hearing, and on July 19, 2024, the PCRA court dismissed the petition. Appellant filed a timely appeal. Although the PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant filed a Rule 1925(b) statement on November 18, 2024. The PCRA court filed its Rule 1925(a) opinion on December 17, 2024.

On appeal, Appellant presents the following issues:

1. Did the PCRA court err in determining the "new facts" exception to the timeliness requirement of a PCRA petition does not apply?

2. Did the PCRA court err in declining to grant [Appellant] an evidentiary hearing to determine whether the newly discovered [facts] could have been discovered at or near the time of his trial?

Appellant's Brief at 3 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined

in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. ***See*** 42 Pa.C.S. § 9545(b)(2).[3] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies."

---

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

*Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a PCRA petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

"It is well settled in Pennsylvania that the focus of the exception found at § 9545(b)(1)(ii) is on newly discovered facts, not on newly discovered or newly willing sources that corroborate previously known facts or previously raised claims." *Commonwealth v. Maxwell*, 232 A.3d 739, 745 (Pa. Super. 2020) (*en banc*) (some formatting altered and citation omitted). The plain language of the PCRA requires that the newly discovered facts were "unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). To establish the newly discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that "the petitioner take reasonable steps to protect his own interests." *Id.* (citation omitted). A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. *Id.* Further, the newly discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of the underlying after-discovered evidence claim. *Commonwealth v. Small*, 238 A.3d 1267, 1286 (Pa. 2020).

Here, Appellant's judgment of sentence became final on Monday, October 20, 2003, ninety days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 22, 2003, when the time to file a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S. Sup.Ct.R. 13 (explaining that a petition for writ of *certiorari* must be filed within 90 days of judgment). Accordingly, Appellant had one year, or until October 20, 2004, to file a timely PCRA petition. Appellant's instant PCRA petition was filed more than seventeen years later on May 25, 2022, and is therefore facially untimely. Because Appellant's PCRA petition is facially untimely, Appellant was required to plead and prove one of the timeliness exceptions outlined in 42 Pa.C.S. § 9545(b)(1). ***See Jones***, 54 A.3d at 16; ***Albrecht***, 994 A.2d at 1094.

In Appellant's *pro se* PCRA petition, he argued the newly discovered facts exception to the PCRA time bar. ***See*** Appellant's *Pro Se* PCRA Petition, 5/25/22, at 2. However, as noted above, PCRA counsel subsequently entered her appearance and filed what was purported to be a supplement to Appellant's *pro se* petition. ***See*** Supplemental PCRA Petition, 2/27/24. In the counseled supplemental petition, PCRA counsel argued the substantive claim of after-discovered evidence but failed to plead and prove the newly discovered facts exception to the PCRA time bar.[4] Further, to the extent that

_____

[4] We note the important distinction between the newly discovered fact exception to the PCRA time bar and a claim of after-discovered evidence. A
*(Footnote Continued Next Page)*

PCRA counsel intended to preserve or incorporate by reference any issues or argument contained in Appellant's previously filed *pro se* PCRA petition without providing any discussion on the legal validity of the claims, that is not permitted as it constitutes impermissible hybrid representation. **See Commonwealth v. Johnson**, 179 A.3d 1153, 1157 (Pa. Super. 2018).

In **Johnson**, this Court addressed a situation where the appellant's counsel filed a supplement to the appellant's *pro se* PCRA petition stating that the appellant's counsel was incorporating by reference issues raised in the appellant's *pro se* PCRA petition. **See id.** In concluding that this constituted impermissible hybrid representation, the **Johnson** Court explained:

> [The appellant's] counsel attempted to preserve all issues raised in the *pro se* petition, while separately litigating one independent claim.
>
> That effort to preserve the *pro se* issues fails. [The appellant's counsel's] attempt to incorporate by reference, without any further explanation or elaboration upon the legal validity of such claims, amounts to hybrid representation, which is not permitted.

---

newly discovered fact claim is an exception to the PCRA's one-year time bar under 42 Pa.C.S. § 9545(b)(1)(ii), while an after-discovered evidence claim is a substantive claim for PCRA relief under 42 Pa.C.S. § 9543(a)(2)(vi). **See Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017) (reiterating "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)"). The newly discovered facts exception set forth in Section 9545(b)(1)(ii) is a jurisdictional threshold that does not require any merits analysis of an underlying after-discovered evidence claim. **Commonwealth v. Williams**, 244 A.3d 1281, 1289 n.20 (Pa. Super. 2021). "It is only after a petitioner establishes jurisdiction by pleading and proving the newly discovered facts exception that he or she can then present a substantive after-discovered evidence claim pursuant to Section 9543(a)(2)(vi) of the PCRA." **Id.** (formatting altered).

> *See Commonwealth v. Tedford*, 960 A.2d 1, 10 n.4 (Pa. 2008) ("[A] criminal defendant currently represented by counsel is not entitled to 'hybrid representation'—*i.e.*, he cannot litigate certain issues *pro se* while counsel forwards other claims.") (citations omitted); *Commonwealth v. Markowitz*, 32 A.3d 706, 713 n.5 (Pa. Super. 2011) ("[T]he PCRA court is only permitted to address issues raised in a counseled petition.") (citations omitted). It is incumbent upon counsel to examine the merits of the *pro se* claims and determine whether those issues are worth pursuing in an amended petition. Thus, the *pro se* claims could not be merely incorporated, and, in turn, are waived on appeal. Accordingly, we find that the sole claim preserved for our review is the one contained in the counseled PCRA petition.

*Id.* (some formatting altered and footnote omitted).

As stated above, Appellant's fourth PCRA petition was facially untimely by more than seventeen years. Because we conclude that PCRA counsel waived any claim concerning the newly discovered facts exception, we are constrained to conclude that PCRA counsel failed to plead, much less prove, an exception to the PCRA time bar. *See Jones*, 54 A.3d at 16 (explaining that a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves an exception to the PCRA time bar); *Albrecht*, 994 A.2d at 1094 (stating that it is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies"). When a PCRA petition is untimely, and none of the timeliness exceptions apply, courts do not have jurisdiction to address the petitioner's underlying claims. *See Cox*, 146 A.3d at 227.

For these reasons, Appellant's fourth PCRA petition was untimely, no exceptions apply, and the PCRA court lacked jurisdiction to address the merits

of the petition.  ***See id.***  Accordingly, we affirm the order dismissing Appellant's fourth PCRA petition.[5]

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  12/23/2025

---

[5] We note that the PCRA court concluded that Appellant's petition was untimely.  ***See*** PCRA Ct. Op., at 3.  However, it addressed Appellant's *pro se* argument concerning the newly discovered facts exception to the PCRA time bar and concluded that Appellant failed to establish that the newly discovered facts could not have been ascertained by the exercise of due diligence.  ***See id.*** at 4-5; ***see also Brown***, 111 A.3d at 176; 42 Pa.C.S. § 9545(b)(1)(ii).  Were we to reach Appellant's *pro se* that he satisfied the newly discovered facts exception to the PCRA time bar, we would affirm on the basis set forth in the PCRA court's opinion.  ***See*** PCRA Ct. Op., at 4-5.